# UNITED STATES DISTRICT COURT

for

NORTHERN DISTRICT OF CALIFORNIA



San Francisco Venue

## Request for Modifying the Conditions or Term of Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | Vanessa Anne Short | Docket No.: | CR 08-00251-03 MMC |

Name of Sentencing Judge: The Honorable Maxine M. Chesney
Senior United States District Judge

Date of Original Sentence: March 3, 2010

Original Offense:
Count 1: Conspiracy to Commit Bank Robbery, 18 U.S.C. § 371, a Class D felony
Count 2: Armed Bank Robbery, 18 U.S.C. § 2113(a) and (d), a Class C felony

Original Sentence: Three years probation
Special Conditions: home confinement with electronic monitoring 364 days; special assessment $200.00; restitution $116,829.00; mental health treatment; comply and cooperate with ICE; search; not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons; no contact with co-defendant, namely Frederick Lim Johnson, Tavaras Lee Blackmon and Richard ; DNA collection; not illegally re-enter the United States

Type of Supervision: Probation
Assistant U.S. Attorney: Derek R. Owens

Date Supervision Commenced: March 3, 2010
Defense Counsel: John J. Jordan (Appointed)

### Petitioning the Court

To modify special condition number four to read as follows:

The defendant shall consent to be monitored by the form of location monitoring indicated below and shall abide by all of the requirements established by the probation office related to the use of this location monitoring technology. The participant shall pay all or part of the cost of participation in the location monitoring program, based on their ability to pay as directed by the probation officer.

- Voice Recognition

The defendant is restricted to her residence everyday as directed by the probation officer for a period of 364 days.

NDC-SUPV-FORM 12B(1) 06/23/08

Vanessa Anne Short                                                                   Page 2
CR 08-00251-03 MMC

## Cause

The offender has struggled to comply with the terms of Home Confinement with Electronic
Monitoring since she started the program on March 30, 2010. Her struggles are primarily due to
the stressors brought about by being confined to her home and wearing an ankle bracelet while
coping with her bipolar disorder. She has had to go to the emergency room during numerous
incidents of bipolar mania since coming onto the program and she was committed for five and
three-day psychiatric evaluations on the two most recent occasions, respectively. On July 20,
2010, she was committed after taking a combination of psychotropic and pain medications that
was potentially lethal. Following her release, she returned home and was not immediately placed
back on electronic monitoring. Instead, she has been monitored with random automated voice
verification calls to confirm her compliance with a curfew schedule that enables her to come and
go from her residence during the day. It appears that this approach is working as her condition
has been stable and she expresses an ability to cope with this restriction much better than home
confinement with electronic monitoring. It should also be noted that she has been participating
in an intensive outpatient mental health program through Kaiser Permanente for the past three
months.

In light of the foregoing, it is requested that special condition number four be modified to vacate
the term of home confinement with electronic monitoring and replace it with a term of curfew
with voice verification monitoring. Given that this would be a less intrusive condition, the
offender has not been asked to sign a waiver of hearing.

The Assistant U.S. Attorney and Defense Counsel have been notified and there are no objections.

Respectfully submitted,                                    Reviewed by:

_____              _____ For
Alton P. Dural Jr.                                         Robert E. Tenney
U.S. Probation Officer Specialist                          Supervisory U.S. Probation Officer

Date Signed: August 31, 2010

THE COURT ORDERS:

☑ To modify special condition number four to read as follows:

The defendant shall consent to be monitored by the form of location monitoring indicated
below and shall abide by all of the requirements established by the probation office related to
the use of this location monitoring technology. The participant shall pay all or part of the

NDC-SUPV-FORM 12B(1) 06/23/08

Vanessa Anne Short                                                     Page 3
CR 08-00251-03 MMC

cost of participation in the location monitoring program, based on their ability to pay as
directed by the probation officer.

• Voice Recognition

The defendant is restricted to her residence everyday as directed by the probation officer for a
period of 364 days.

☐  Submit a request for warrant
☐  Submit a request for summons
☐  Other:

SEP X 7 2010
_____

Date

Maxine M. Chesney
Senior United States District Judge